# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

No. 13-mj-01026-KLM

IN THE MATTER OF THE EXTRADITION OF:

OSCAR BADILLO FUENTES,
    *a.k.a. MIGUEL FUENTES LOPEZ,*
    *a.k.a. DAFNIS MIGUEL LOPEZ FUENTES,*
    *a.k.a. "EL CABEZAS"*

_____

## CERTIFICATE OF AUTHORIZATION TO EXTRADITE
_____

This matter came before the Court on May 15, 2013 for a determination, pursuant to the extradition treaty between the United States and the Government of Mexico, 31 U.S.T. 5059; TIAS 9656, of whether the evidence of criminality presented by Mexico is "sufficient to sustain the charge under the provisions of the proper treaty or convention." 18 U.S.C. § 3184. I find, based on the following, that the evidence is sufficient and therefore certify the same to the United States Secretary of State.

### I. Background

**A.    Legal Authority for Proceeding**

It is the prerogative of the executive branch to conduct foreign affairs. *Martin v. Warden, Atlanta Penitentiary*, 993 F.2d 824, 828-829 (11th Cir. 1993). In an extradition proceeding, the Article III branch's role is limited. *Id.* The Court is to determine the sufficiency of the request to extradite under the applicable treaty provisions, *id.*; 18 U.S.C. §§ 3184, 3186, which is accomplished through an extradition hearing pursuant to 18 U.S.C. § 3184. If the Court decides that the elements necessary for extradition are present, it certifies the authority to extradite the fugitive, making written factual findings and

conclusions of law. *Shapiro v. Ferrandino*, 478 F.2d 894 (2d Cir. 1973). This certification is provided to the United States Department of State for disposition. The Secretary of State makes the ultimate decision as to whether to surrender the fugitive to the requesting country. *See Martin v. Warden, Atlanta Penitentiary*, 993 F.2d at 829 ("The Secretary exercises broad discretion and may properly consider myriad factors affecting both the individual defendant as well as foreign relations, which the extradition magistrate may not.").

**B.     Nature of Hearing**

Based on my review of the applicable case law authority, the hearing in this matter was to determine whether the equivalent of probable cause is established. *See, e.g., Peters v. Egnor*, 888 F.2d 713, 717 (10th Cir. 1989). The United States has provided authenticated documentary evidence relating to Mexico's allegations against Mr. Fuentes. At the hearing, the United States presented additional evidence and argument. Mr. Fuentes presented argument regarding the evidence presented by the United States.

## II. Elements Concerning Extradition Determination

**A.     Authority of the Judicial Officer**

The statute, 18 U.S.C. §3184, authorizes a broad class of judicial officers to hear extradition cases. Federal judges are authorized by the statute to hear and decide extradition cases; the statute expressly provides that magistrate judges may do so. In the District of Colorado, Local Rule 57.1(B)(8) authorizes magistrate judges to "exercise powers and duties necessary for extraditing fugitives." D.C.COLO.LCrR 57.1(B)(8).

**B.     Jurisdiction Over the Fugitive**

The Court has jurisdiction over a fugitive found within its jurisdictional boundaries. 18 U.S.C. § 3184 (court "may, upon complaint made under oath, charging any person found within [its] jurisdiction . . . issue [its] warrant for the apprehension of the person so charged"). *Pettit v. Walshe*, 194 U.S. 205, 219 (1904). Generally speaking, if the fugitive is before the Court, the Court has personal jurisdiction. *In re Pazienza*, 619 F. Supp. 611 (S.D.N.Y. 1985).

**C.     Treaty in Full Force and Effect**

The extradition statute, 18 U.S.C. § 3184, limits extradition to instances in which a treaty is in force between the requesting state and the requested state. *See, e.g., Argento v. Horn*, 241 F.2d 258 (6th Cir. 1957). Here, the applicable extradition treaty between the United States and Mexico is located at TIAS 9656, 31 U.S.T. 5059, 1980 WL 309106. It was signed in Mexico City on May 4, 1978. Mexico ratified the treaty on January 31, 1979. The United States ratified the treaty on December 13, 1979. The ratifications were exchanged on January 25, 1980 and the treaty entered into force on that day and remains in force. In this case, the government has provided the Declaration of an Attorney Advisor in the Office of the Legal Advisor for the Department of State attesting that the Treaty is in full force and effect. *See Gov't Ex. 2, Decl. of Julie B. Martin* [#1] at 8-10. This determination by the Department of State is entitled to deference from this Court. *Terlinden, v. Ames*, 184 U.S. 270, 288 (1902); *Kasternova v. United States*, 365 F.3d 980, 985-987 (11th Cir. 2004); *United States ex rel Saroop v. Garcia*, 109 F.3d 165, 171 (3d Cir. 1997); *Then v. Melendez*, 92 F.3d 851, 854 (9th Cir. 1996).

**D.     Crimes Extraditable Under the Treaty**

The Treaty provides for the return of fugitives charged with, or found guilty of, committing a crime in the territory of the requesting country. TIAS 9656, Article 1. Under Article 2 of the subject treaty, extradition shall take place for willful acts which fall within any of the clauses of the Appendix and are punishable in accordance with the laws of both contracting parties by deprivation of liberty of at least one year. *See* TIAS No. 9656, Art. 2, Para. 1. The documents submitted by Mexico establish that the fugitive has been charged with committing the crime of aggravated homicide described and punishable by Article 128 of the Penal Code of the Federal District, Mexico. It is listed as an extraditable offense under the Appendix of the treaty. *See* TIAS No. 9656, App'x ¶ 1. Pursuant to 18 U.SC. § 1111, murder, the equivalent of aggravated homicide in the United States, is a crime. The maximum punishment in both countries for this offense exceeds one year imprisonment.

The Treaty further provides that "[e]xtradition shall not be granted when the prosecution or the enforcement of the penalty for the offense for which extradition has been sought has become barred by lapse of time according to the laws of the requesting or requested State." *See* TIAS No. 9656, Art. 1. Here, the limitations period for the crime with which Mr. Fuentes is charged in Mexico, aggravated homicide, expires on February 23, 2039. *See Gov't Ex. 1*, *Aff. of Carlos Alberto Caravantes Acevedo in Support to the Request for Formal Extradition* ("Acevedo Aff."). In the United States murder can be charged as a capital offense for which there is no statute of limitation. 18 U.S.C. §§ 1111(b), 3281. Therefore, aggravated homicide is an extraditable offense under the Treaty.

**E.      Probable Cause**

This element is satisfied by sufficient evidence to establish probable cause that a crime was committed and that the person before the court committed that crime. The standard of proof in extradition proceedings is that of probable cause, as commonly used in federal law. *Sindona v. Grant*, 619 F.2d 167 (2nd Cir. 1980). The documentation provided by Mexico establishes probable cause for the charged offense. The documents provided by the Government of Mexico were certified by the United States' principal diplomatic officers in Mexico in accordance with 11 U.S.C. § 3190. *Gov't Ex. 2*, *Decl. of Julie B. Martin* [#1] at 10. Mexico alleges that, on January 23, 2004, Fuentes and an accomplice shot and killed Beatriz Consuelo Gonzalez Casanova Fernandez in Mexico City. *Gov't Ex. 1*, *Acevedo Aff., Ex. 1*, Arrest *Warrant Trans.* [#1] at 12. Multiple statements from eyewitnesses confirm the incident. *Gov't Ex. 1*, *Acevedo Aff., Ex. 1*, *Arrest Warrant Trans.* [#1] at 12-13; Exs. 4, 5. The Coroner Experts' report concludes that Ms. Fernandez "died because of the visceral and tissue alterations . . . caused by the injury made with a projectile of firearm, penetrating the thorax and abdomen." *Gov't Ex. 1*, *Acevedo Aff.* at Ex. 10; *see also Gov't Ex. 1*, *Acevedo Aff. Ex. 1*, *Arrest Warrant Trans.* [#1] at 14. In addition, an eyewitness identified Fuentes by picking him out of two different photo arrays. *Gov't Ex. 1*, *Acevedo Aff. Ex. 1*, *Arrest Warrant Trans.* [#1] at 14. The witness accounts are corroborated by Fuentes' fingerprints which were found on the vehicle in which Ms. Fernandez was shot and killed. *Gov't Ex. 1*, *Acevedo Aff.* at Exs. 7-9; *Gov't Ex. 1*, *Acevedo Aff. Ex. 1*, *Arrest Warrant Trans.* [#1] at 14. This is sufficient for the Court to make a proper finding of identity and probable cause. *See Glucksman v. Henkel*, 221 U.S. 508, 513 (1911).

### III. Conclusion

Based on the foregoing findings, the Court concludes that OSCAR BADILLO FUENTES, is extraditable for the charged offense of aggravated homicide, and thereby certifies this finding to the Secretary of State pursuant to 18 U.S.C. § 3184.

IT IS **ORDERED** that OSCAR BADILLO FUENTES be committed to the custody of the United States Marshal for the District of Colorado pending final disposition of this matter by the Secretary of State and surrender to designated agents of the Government of Mexico.

Dated this 16th day of May, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge